UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KIMBERLY DOUGLAS,**<br><br>Plaintiff,<br><br>v.<br><br>**EXETER FINANCE LLC,**<br><br>Defendant. | **CIVIL ACTION NO.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Kimberly Douglas, by and through undersigned counsel, files suit against Exeter Finance, LLC, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq. See* Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 753 (2012).

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Northern District of Georgia. Plaintiff suffered the injuries in Henry County, Georgia.

## PARTIES

4. Plaintiff, Kimberly Douglas ("Ms. Douglas" or "Plaintiff"), is a natural person who resides in Henry County, Georgia, and is a "person" under 47 U.S.C. § 227 *et seq*.

5. Defendant, Exeter Finance, LLC ("Exeter" or "Defendant"), is organized in Nevada, is headquartered in Dallas, does business in the State of Georgia, and is a "person" under 47 U.S.C. § 227 *et seq*.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such

agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Beginning approximately in October 2015, Ms. Douglas began to receive multiple telephone calls from Exeter to her cell phone in an attempt to collect a debt on a personal car loan serviced by Exeter (the "Alleged Debt").

9. In approximately September 2016, Ms. Douglas attempted to negotiate payments with Exeter. Exeter refused to negotiate and as a result, Ms. Douglas told Exeter to repossess the subject vehicle and told Exeter stop calling her regarding the Alleged Debt.

10. Notwithstanding Ms. Douglas' cease and desist request, Exeter continued to make three to six collection calls to Ms. Douglas' cell phone each day, one to four days each week.

11. Exeter called Ms. Douglas's cell phone using an automatic telephone dialing system. This was evidenced by the fact that when Ms. Douglas would answer a call on her cell phone from Exeter, she would be hear a pause before a live representative appeared on the line.

12. Despite Ms. Douglas's cease and desist request, Exeter continued to call Ms. Douglas's cell phone until approximately July 2016.

13. As described below, Defendant's conduct constitutes a violation of the TCPA.

### COUNT I - VIOLATION OF THE TCPA BY DEFENDANT CRM

14. This is an action against Exeter for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

15. Plaintiff re-alleges and reincorporates paragraphs 1 through 13, as if fully set forth herein.

16. Defendant, in the conduct of its business, used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

17. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

18. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's prior express consent.

19. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

20. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

21. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

22. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4)

awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## JURY DEMAND

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

RESPECTFULLY SUBMITTED this 16th day of March, 2018.

>Respectfully Submitted,
>
>**TOLICUS LAW, PLLC**
>
>/s/ **Geoffrey M. Dureska, Esq.**
>**GEOFFREY M. DURESKA, ESQ.**
>Georgia Bar No. 786903
>712 H Street NE Suite 1096
>Washington, DC 20002
>gdureska@tolicus.com
>1-800-657-1758 (tel and fax)
>Attorneys for Plaintiff